

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 7, 1939

Mr. J. P. Bryan
County Attorney
Angleton, Texas

Dear Sir:

Opinion No. O-502

Re: Validity of consolidation by
County School Trustees of
Brazoria County of Anchor
Common School District with
Angleton Independent School
District, and, if invalid,
effect of subsequent legisla-
tion to validate same.

We have for attention your letter of March 15, 1939, out-
lining the procedure followed in the consolidation of the Anchor
Common School District with the Angleton Independent School District,
and submitting these two inquiries in connection therewith:

"(1) Whether or not such consolidation was valid
in the first instance, and

"(2) If such attempted consolidation of these two
school districts was not valid, whether or not a valida-
tion was effected by any of the existing validating acts
upon the statute books?"

Your letter is supplemented by copy of a letter from you
to Mr. E. E. Delaney, President, Board of Trustees, Angleton Inde-
pendent School District. This letter is, in effect, a brief upon
the question submitted, and we gratefully acknowledge the assist-
ance afforded thereby.

From this correspondence and pertinent copies of the
minutes of the County School Board of Brazoria County, it is made
to appear that the consolidation of Angleton Independent School
District with Anchor Common School District was effected merely by
vote and determination of the County School Board of Brazoria

Mr. J. P. Bryan, April 7, 1939, Page 2

County, and not by an election in each district ordered by county judge on petition, followed by a favorable vote of each district. This attempted consolidation was begun in 1925 and concluded in 1926. Hence the statutes governing the consolidation of such school districts at this time must be consulted.

The authority of the Legislature of Texas in the formation, organization and control of school districts of all kinds is plenary, and the instant inquiry turns only upon a proper interpretation of the many existing statutes upon this subject rather than the constitutional authority of the Legislature to enact such statutes. The Legislature has made free use of this power, and in order to successfully thread the maze of statutes involving the creation, regulation and alteration of school districts of various kinds, and validation thereof, we should, at the outset, distinguish a "consolidation" of school districts, both common and independent, within the purview and meaning of Article 2806, Revised Civil Statutes of Texas, from a change of boundaries of an independent school district under Article 2666, Revised Civil Statutes, a reduction and revision of the boundaries of common school districts with the addition of such territory to that of independent school districts under Article 2742a, Revised Civil Statutes, from a detachment of territory from school districts, common or independent, and attaching said territory to another school district, common or independent, under Article 2742f, Revised Civil Statutes, from the incorporation, by the County School Trustees of a Common School District into an Independent School District, under Article 2742j, Revised Civil Statutes, and from the grouping or annexing, by County School Trustees, of common school districts with independent school districts of certain scholastic population, for the purpose of forming rural high school districts, under the authority of Article 2922a, Revised Civil Statutes.

The transaction shown by the minutes of the County School Board of Brazoria County was clearly a consolidation of Anchor Common School District with Angleton Independent School District so as to fall squarely within the scope of Article 2806, Revised Civil Statutes, 1925, and require an election, on order of the county judge, upon the petition of twenty or a majority of the legally qualified voters of the school districts affected. The County School Trustees of Brazoria County were mistakenly acting under one of the articles hereinabove cited, relating to the annexation, extension, rearrangement, or grouping of school districts, or possibly under Article 2681, Revised Civil Statutes, authorizing

county school trustees to exercise the authority heretofore vested in commissioners' courts with reference to creating, altering or consolidation of school districts. It is not clear just under what statute or theory of law these Trustees were purporting to act, but it is clear that their action was wholly without statutory authority and the attempted consolidation of these two school districts was absolutely void and of no force and effect.

The Supreme Court of Texas, in Dover Common School District v. County School Trustees of Navarro County, et al, 248 S. W. 1062, held that Chapter 65, Acts 1st and 2nd Called Session, 36th Legislature, providing for an election, on petition of electors, for consolidation of the school districts named therein, followed by an order of the commissioners' court declaring such consolidation, was an inconsistent and radically different system of procedure for the consolidation of school districts to the procedure theretofore existing, and it was therefore the intention of the Legislature to repeal conflicting statutes allowing consolidation of such school districts by acts of county school trustees. This statute, declared by the Supreme Court to be the exclusive mode of consolidating school districts was substantially the same, in all its terms, as Article 2806, Revised Civil Statutes, applicable to the instant consolidation. And, although the case cited involves a consolidation of two common school districts, nevertheless, in principle, this decision furnishes ample support for our conclusion that the attempted consolidation of Anchor Common School District and Angleton Independent School District by the County School Board of Brazoria County was an absolute nullity by reason of a failure to comply with the conditions and procedure required by said Article 2806, as amended, Revised Civil Statutes.

This conclusion brings us to a consideration of your second question regarding the effect of existing validating acts upon the attempted consolidation of these two school districts. This question, as the first, involves purely a matter of statutory interpretation, rather than of constitutional limitations, because the power of the Legislature to enact curative of validating legislation effecting the formation and existence of school districts is just as plenary as its original power to create such districts in the first instance. What ever the Legislature has initial power to authorize, it can ratify and confirm. Curative Acts have been held effective to validate the creation of school districts embraced within the terms thereof even though the procedure by which such districts were formed was so irregular as to render the same void. 37 Tex. Jur. 899, and cases cited.

The Legislature of Texas has made free use of its unquestioned power to enact curative legislation in this regard. From a careful examination of these many statutes, we have found some twelve which appear to cover school districts of the type involved here, and their consolidation.

Articles 27421, 2742j, 2742k, 2815g-2, 2815g-3, 2815g-8, Revised Civil Statutes, are substantially identical in their validating operation. Every type of school district (including "consolidated independent school districts") heretofore "laid out and established or attempted to be established by the proper officers of any county", is declared to be thereby validated as though it had been legally established in the first instance. These statutes all provide:

"The fact that by inadvertence or oversight, any act of the officers of any county in the creation of any district was omitted shall in no wise invalidate such district,"

and further, that:

"all acts of the county boards of trustees of any and all counties in rearranging, changing or subdividing such school districts or increasing or decreasing the area thereof, in any school district of any kind, or in creating new districts out of parts of existing districts or otherwise, are hereby in all things validated."

Despite the general nature of each and all of the above cited statutes, we think the pertinent portions thereof, hereinabove quoted, indicate an intention on the part of the Legislature merely to correct and cure certain inadvertences, oversights or omissions on the part of the county board of trustees in performing certain acts and duties in regard to school districts, which they are empowered by statute to perform. Moreover, it will be noted that these statutes do not, by express language, attempt to validate any acts or omissions on the part of county boards of trustees in connection with a consolidation of school districts. Inasmuch as the acts of validation under consideration purport to validate school districts "heretofore laid out and established or attempted to be established by the proper officers of any county", we cannot say that such statutes are applicable to the consolidated school district involved in the instant inquiry, which was called into being by county school trustees who were not, under existing statutes and court decisions, "proper officers" to effect such consolidation, and whose attempt to consolidate these school districts was wholly void and illegal.

Article 2744a, Revised Civil Statutes, is a validating act of general scope and purports to validate all school districts "heretofore attempted to be created or consolidated by the proper authorities of the county, or by election in cases where an election for such purpose may have been authorized by law." This statute clearly would not operate to validate Angleton Consolidated Independent School District, created without the election, not only authorized, but required by law.

Article 2744c, Revised Civil Statutes, validates all actions and proceedings of County Board of School Trustees in consolidating territory to any independent school district, but this statute is limited in its curative application to independent school districts having a scholastic population of not less than one hundred and forty and not more than two hundred fifty according to the last scholastic census. It is patent that this act was designed to correct some error or unauthorized action occurring in the consolidation of a particular school district, although it is attempted to be made general form. An examination of the scholastic census of the district involved here demonstrates that no validating support can be gathered from this act.

Articles 2815g-7, 2815g-12 and 2815g-13, Revised Civil Statutes, although recent general acts covering every possible type of school district, clearly lend no assistance in legalizing the districts involved here, because they each and all negative any legislative intent to validate any district created or consolidated without an election for the purpose. As indicative of this, we point to the following language appearing in each of these statutes:

"Providing however, that no action or resolution purporting to transfer any territory from one district to another district, without an affirmative vote of the voters of the district affected shall be validated by the passage of this act."

Moreover, Articles 2815g-12 and 2815g-13 contain the following significant language:

"This law shall not apply to any district or districts the laying out, establishing, combining, abolishing, or changing of which was not submitted to a vote of the people residing in such district or districts or territories affected thereby."

In view of this language, these statutes clearly have no application to the instant case, where the plain provisions of Article 2806, Revised Civil Statutes, determined by the Supreme Court of Texas in the case cited to be mandatory and exclusive, were not followed by the holding of a consolidation election.

In this connection, we point to Article 2806a, Revised Civil Statutes, designed to correct or validate "all consolidations or attempts at consolidation of a common school district with a contiguous independent school district created by general or special laws after elections held under Article 2806, Title 49, Revised Civil Statutes of Texas, 1925, and amendments thereto, where a majority of the voters in each of said districts voted in favor of said consolidation." This statute is limited to the correction of certain oversights and inadvertences on the part of the county judge in calling the election required and the commissioners' court in declaring the result thereof, and clearly cannot apply here.

It is our opinion, and you are accordingly advised that the attempted consolidation by the County School Board of Brazoria County, in 1925 and 1926, of Anchor Common School District with Angleton Independent School District was void and ineffective, and has not been validated by any curative legislation upon the statute books.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat M. Neff, Jr
Assistant

PMN:N

APPROVED

ATTORNEY GENERAL OF TEXAS